925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Greg OLIVER, Plaintiff-Appellant,
Kate Oliver, Plaintiff,
v.
Evert ELKINS, Elizabeth McNamara, Dennis M. Straub, John
Jabe, Robert Brown, Jr., Defendants-Appellees.
 No. 90-1429.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Greg Oliver, a pro se Michigan prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and monetary relief, Oliver sued the director of the Michigan Department of Corrections (MDOC) and four officers of the Huron Valley Men's Facility and the State Prison of Southern Michigan in their individual and official capacities. He alleged that the defendants violated his rights under the eighth and fourteenth amendments by indefinitely restricting him to non-contact visits by his immediate family following a hearing officer's finding of sexual misconduct during a contact visit with his wife. Oliver further alleged that the defendants failed to follow MDOC policies and procedures in their imposition of the restrictions. Oliver also named his wife, Kate, as a plaintiff.
 
 
 3
 In an order filed August 3, 1989, the district court dismissed plaintiff Kate Oliver and defendant Robert Brown, Jr., from this action. The remaining defendants submitted a motion for summary judgment to which Oliver responded.
 
 
 4
 The motion was referred to a magistrate who recommended that the court grant the defendants summary judgment. In his report, the magistrate found that (1) there was no eighth amendment violation because prisoners have no absolute right to contact visitation; (2) reading Oliver's complaint as a first amendment claim, a reasonable jury could find that the means chosen by the prison authorities to respond to Oliver's visitation rule violation were not reasonably related to any legitimate penological objectives; (3) the major misconduct hearing, administrative hearing, and grievance procedure were "more than adequate" to ensure Oliver due process; (4) no liberty interest in contact visitation was created by MDOC policies; and (5) the defendants were entitled to qualified immunity from damages liability because they violated no clearly established rights under the first, eighth, or fourteenth amendments.[1]
 
 
 5
 Oliver filed timely objections to the magistrate's report. In an order filed March 28, 1990, the district court adopted the magistrate's report and recommendations and granted summary judgment for the defendants.
 
 
 6
 On appeal, Oliver continues to argue the merits of his claims, including the first amendment issue identified by the magistrate, and contends that the defendants are not entitled to qualified immunity. Kate Oliver has not appealed.
 
 
 7
 Upon review, we hereby affirm the district court's judgment for the reasons stated in the district court's order filed on August 3, 1989, and the magistrate's report filed on March 8, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 [1]
 Because we agree with the district court's holding on the issue of qualified immunity, we find it unnecessary to express an opinion whether the first amendment would afford any support for the claims relating to an alleged right to contact visitation between an inmate and a spouse